# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DAVID C. DREHER, JR.**                                                                 **PLAINTIFF**

**VS**                                                       **CIVIL ACTION NO. 1:15-cv-00023-JCG**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY**                                                                                 **DEFENDANT**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came before the Court on February 1, 2016, for a bench trial. Present before the Court were Plaintiff David C. Dreher, Jr.; William W. Dreher, Jr., counsel for Plaintiff; Defendant State Farm Mutual Automobile Insurance Company; and R. Douglas Vaughn, counsel for Defendant. Following testimony and oral argument, the Court found that Plaintiff failed to prove the essential element of causation and granted Defendant's motion for judgment.

## FINDINGS OF FACT

Plaintiff David C. Dreher, Jr. is a thirty-three year old married college graduate and father of three who owns his own business selling modified golf carts. Mr. Dreher has been involved in two rear-end, motor vehicle collisions resulting in neck pain for which he has sought medical care and treatment.

The first accident occurred in November 2008 and was described by Mr. Dreher in a journal received into evidence as a terrible accident in which he had been stopped at a traffic light, struck from behind, and pushed across the road through traffic by the force of the collision. Following that accident, Mr. Dreher sought treatment from Dr. Joel Burwell and Dr. Desmond Hoda. Medical records received into evidence from both providers show Mr. Dreher had complaints of neck

and back pain following a motor vehicle accident wherein he was struck by a vehicle that was traveling 35-40 miles per hour. Mr. Dreher received care and treatment for his neck through March 2009. At the last visit with Dr. Hoda, Mr. Dreher had tenderness in his neck but reported he was at pre-injury status and feeling better. Mr. Dreher had also settled a personal injury claim around that same time.

Mr. Dreher received no further medical care for his neck until January 2012, when he was involved in a second rear-end collision, which is the collision at issue in this case. Mr. Dreher testified that he was in a rear-end collision on January 2, 2012, in Diamondhead, Hancock County, Mississippi, wherein his vehicle was pushed by the force of the collision into and through a ditch. Although Mr. Dreher testified that the force of the 2012 accident felt harder than the 2008 accident, he did not receive medical care on the same date as the accident. Instead, Mr. Dreher sought medical care the following day at a medical clinic, and subsequently followed up with physicians including Dr. Hoda, Dr. Eric Wolfson, physical therapists at Sports Med, and Dr. Brian Dix, a pain management physician. Only the treatment records from Dr. Dix were offered into evidence.

After the 2012 accident, Mr. Dreher expanded his business. Photographs received into evidence show him standing on the concrete slab of the expansion with a large concrete finishing machine and the note, "another hard day at work." Mr. Dreher testified that the photograph was staged, and he did not actually operate the equipment or perform hard work.

Mr. Dreher is currently under the care of Dr. Dix, who has diagnosed Mr. Dreher with cervical disc disease, cervicalgia, and chronic pain. Dr. Dix has in the

past administered epidural steroid injections and most recently provided "trigger point injections" during office visits in 2015.  Additionally, Dr. Dix prescribes pain medications for Mr. Dreher to take as needed.  Mr. Dreher, however, does not take those medications on a daily basis.  Mr. Dreher complains of pain in his upper back and neck, which interferes with his ability to lift his children or heavy objects over his head.  A functional capacity evaluation obtained from Sports Med in June 2015 reflects Mr. Dreher's ability to perform a medium level of work for an eight-hour day and forty-hour week, with physical limitations precluding more than a medium level of work.

     Mr. Dreher testified that the injuries from the 2012 accident have affected him emotionally, that he has reduced his work schedule from a previous five-day work week consisting of forty hours or more to a current four-day work week, and that he cannot hold his children.  Instead, he sits in a recliner with the children on his lap.  Mr. Dreher purchased an above-ground swimming pool for his children in 2015 and testified that although he uses the pool and maintains the pool, he was unable to put the pool together himself.

     Mr. Dreher testified that prior to the 2012 accident he was able to do everything at work, but following the accident, he has had to hire extra help.  Evidence was received that shows Mr. Dreher has experienced annual increases in personal compensation each year following the motor vehicle accident.  Mr. Dreher testified that although carrying heavy suitcases is painful, he continues to travel.  He attended the most recent PGA golf exhibition but was physically unable to set up and take down the booth.

The negligent driver in the 2012 motor vehicle collision paid $50,000 to settle Mr. Dreher's claims against him, and Mr. Dreher received an additional $30,000 from Defendant, his own insurer, prior to trial.  The $30,000 represents $5,000 in medical pay benefits and $25,000 in under-insured motorist benefits payable under a policy of insurance issued by Defendant.  Mr. Dreher admits that all of his past medical bills have been paid.  In this litigation, he seeks the remaining under-insured policy limits of $175,000 to compensate him for his expected future damages.

Mr. Dreher was referred to Nathaniel Fentress, an expert in vocational rehabilitation and life care planning.  Mr. Fentress was accepted as an expert to provide opinion testimony on the cost of future medical care.  Mr. Fentress' calculations were not reduced to present value.  Mr. Fentress sent a questionnaire to Dr. Dix which requested input regarding the type and frequency of future care recommended for Mr. Dreher.  Mr. Fentress made it clear that he does not provide opinion testimony on causation.  Mr. Fentress offered no opinion regarding whether the 2012 motor vehicle accident caused the need for Mr. Dreher's future care.

Mr. Fentress prepared a preliminary report dated April 1, 2015, which concluded that a response from Dr. Dix was needed to determine the extent of Mr. Dreher's future damages.  Dr. Dix subsequently returned the questionnaire.  Mr. Fentress authored a supplemental report on May 28, 2015, concluding that Mr. Dreher will incur $7,984.01 annually in medical expenses and with a life expectancy of 46 years, will incur $367,264.46 in future medical expense.  Following receipt of the functional capacity evaluation referenced above, Mr. Fentress submitted an

addendum dated June 15, 2015, recommending that Mr. Dreher hire a part-time or full-time mechanic at a rate between minimum wage and $15 per hour to avoid exacerbating or aggravating his chronic cervical spine condition due to the limitations of medium work established by the functional capacity evaluation.  Mr. Fentress did not know whether Mr. Dreher's actual 2015 expenses matched the recommendations of the 2015 life care plans.

Dr. Dix testified via deposition.  His testimony established that he is a medical expert in chronic pain management.  Dr. Dix first saw Mr. Dreher in July of 2012.  Dr. Dix did not question Mr. Dreher about the cause of his neck pain, did not have any information about the cause, and did not have Mr. Dreher's full medical history.  When asked if Mr. Dreher's injury would be consistent with a rear-end collision, Dr. Dix answered, "possible."  When asked whether Mr. Dreher would benefit from future injection therapy, Dr. Dix stated that it was a possibility, depending on Mr. Dreher's progress.  Dr. Dix indicated that periodic diagnostic studies such as MRIs and EMGs were also a possibility.

Dr. Dix does not assign impairment ratings and testified that he would defer to Dr. Wolfson, a board-certified neurosurgeon, for any opinions on restrictions or limitations.  As to the limitations noted within the functional capacity evaluation, Dr. Dix deferred to the examiner, stating he does not define limitations.  Neither Dr. Wolfson's treatment records nor his testimony were offered into evidence.  No testimony was received from the therapist who administered the functional capacity evaluation.

Prior to trial, this Court issued a Memorandum Opinion and Order Denying Defendant's Motions to Exclude Expert Witness Testimony and for Partial Summary Judgment and "reserve[d] ruling until trial on the issue of whether Plaintiff has offered reliable medical evidence adequate to support his allegations of causation, disability, and each category of future damages." Order [40] at 1. At trial, following the close of Plaintiff's case, Defendant moved for judgment pursuant to Federal Rule of Civil Procedure 52, on the basis that Plaintiff failed to establish the essential element of causation.

## **CONCLUSIONS OF LAW**

In a civil action for damages under Mississippi law, the party who claims that certain facts exist must prove them by a preponderance of the evidence. This obligation is known as the burden of proof. *See* Mississippi Model Jury Instructions Civil § 1:27.

In an action for underinsured motorist benefits, the plaintiff may claim against his or her insurer all damages legally recoverable from an at-fault uninsured or underinsured motorist, up to the limits of the claimant's policy of insurance. *See* Miss. Code Ann. § 83-11-101. In this case, Defendant State Farm admitted liability. The issues for trial were causation and the extent of related damages.

To prove the element of proximate cause under Mississippi tort law, a plaintiff must produce evidence "which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *Burnham v.*

*Tabb*, 508 So.2d 1072, 1074 (Miss. 1987).  "[W]ith injuries that are medically complicated, as is the case here, expert testimony is required to prove causation." *Berry v. Southwest Airlines Co.*, Civ. Action No. 3:07-cv-305-TSL-JCS, 2008 WL 3874368, *2 (S.D. Miss. Aug. 15, 2008).

"[M]edical testimony is not probative unless it is in the terms of probabilities and not possibilities." *Patterson v. Radioshack Corp*, 268 Fed.Appx. 298, 301 (5th Cir. 2008) (*citing Deas v. Andrews*, 411 So.2d 1286, 1293 (Miss. 1982)).  "Where expert medical testimony is required, the expert must state his medical opinions within a reasonable degree of medical certainty or probability." *Savage v. Pilot Travel Ctrs.*, Civ. Action No. 3:10cv208-TSL-FKB, 2011 WL 2135682, *2 (S.D. Miss. May 19, 2011)(citing *Vanlandingham v. Patton*, 35 So. 3d 1242, 1249 (Miss. Ct. App. 2010)).

> [W]hen an expert's opinion is not based on a reasonable degree of medical certainty, or the opinion is articulated in a way that does not make the opinion probable, the [finder of fact] cannot use that information to make a decision. Failure to properly qualify an expert opinion typically occurs in testimony that is speculative, using phrases such as "probability," "possibility," or even "strong possibility."  It is the intent of the law "that if a physician cannot form an opinion with sufficient certainty so as to make a medical judgment, neither can a [finder of fact] use that information to reach a decision."

*Savage,* 2011 WL 2135682 at *2 (citing *Kidd v. McRae's Stores P'ship*, 951 So. 2d 622, 626 (Miss. Ct. App. 2007)).  "This does not mean the expert must use the specific phrase 'to a reasonable degree of medical probability,' but the import of his opinion must be apparent." *Id.* at *3 (citing *Vanlandingham,* 35 So. 3d at 1249).

7

Dr. Dix was the only medical expert who testified at trial on the issue of causation. Mr. Fentress expressly disavowed any opinions on causation, stating that such opinions are for the medical experts. As previously stated in the findings of fact, Dr. Dix did not question Mr. Dreher about the cause of his neck pain and did not have any information about the cause of Mr. Dreher's neck pain. In other words, Dr. Dix did not offer a causation opinion stated to a reasonable degree of medical certainty or probability. Instead, Dr. Dix simply stated that it was possible that Mr. Dreher's injuries were consistent with a rear-end collision; it was a possibility that Mr. Dreher would benefit from future injection therapy; and it was a possibility that future periodic diagnostic studies such as an MRI or an EMG would be necessary.

Plaintiff's cervical issues are medically complicated, and medical expert testimony was required to prove that those issues were caused by or exacerbated by the 2012 motor vehicle accident at issue. Because expert testimony of sufficient certainty was not offered, Plaintiff failed to prove the essential element of causation. Defendant's motion for judgment in its favor should be granted.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2016.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE